UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WANDA M. ALLEN,

        Plaintiff,

  v.                                                                                    25-CV-136 (JLS)

ERIE COUNTY MEDICAL CENTER
CORPORATION, PH.D MICHAEL
GUPPENBERGER, and BRENNA
FOX,

        Defendants.
_____

## DECISION & ORDER

    *Pro se* Plaintiff Wanda M. Allen ("Plaintiff") filed a Complaint on February 7, 2025, alleging civil rights violations. *See* Dkt. 1. She also moved for permission to proceed *in forma pauperis*. Dkt. 2. Because she satisfies the statutory requirements of 28 U.S.C. § 1915(a), that motion is granted.

    At this initial stage of review, Plaintiff's claims against Dr. Michael Guppenberger, in his individual capacity, may proceed to service because Plaintiff's Complaint presents "colorable claim[s]" and, therefore, survives screening under 28 U.S.C. § 1915(e)(2). *See Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) ("*Sua sponte* dismissal of a *pro se* complaint prior to service of process is a 'draconian device' . . . which is warranted only when the complaint 'lacks an arguable basis either in law or in fact.'") (citations omitted); *see also Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (dismissal under Federal Rule of Civil Procedure Rule 12(b)(6) may

still be appropriate notwithstanding a court's earlier finding that the complaint was not "frivolous" for purposes of Section 1915(e)(2)). But Plaintiff's claims against the Erie County Medical Center Corporation ("ECMC") and Brenna Fox, and any claims against Dr. Guppenberger in his official capacity, will be dismissed under 28 U.S.C. § 1915(e)(2)(B), for the reasons stated below, unless Plaintiff files an amended complaint.

## DISCUSSION

### I. LEGAL STANDARD

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). A court shall dismiss a complaint if it determines that the claims: (1) are frivolous, malicious, or fail to state a claim on which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

In evaluating a complaint, a court must accept all factual allegations as true and draw all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). And it must construe *pro se* pleadings "liberally" and "interpret them to raise the strongest arguments they suggest." *Siao-Pao v. Connolly*, 564 F. Supp. 2d 232, 238 (S.D.N.Y. 2008) (internal quotation marks and citation omitted). *Pro se* pleadings must also meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004); *see also Frein*

*v. Schumer*, No. 21-CV-439, 2021 WL 3087588, at *1 (W.D.N.Y. June 23, 2021), *appeal dismissed*, No. 21-1762, 2022 WL 2836742 (2d Cir. Mar. 2, 2022).

Generally, "the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal 'unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.'" *Jordan v. New York*, No. 21-CV-544, 2021 WL 3292200, at *1 (W.D.N.Y. Aug. 2, 2021) (quoting *Abbas*, 480 F.3d at 639). Leave to amend may, however, be denied when any amendment would be "futile." *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## II. PLAINTIFF'S COMPLAINT

Plaintiff names ECMC, Dr. Guppenberger, and Brenna Fox as Defendants. Dkt. 1, at 1–2.[1] But she only alleges claims against Dr. Guppenberger.

Under the "Facts" section, Plaintiff claims that Dr. Guppenberger falsely testified against her. *Id.* at 2. In particular, she states: "This physician lied during testimony to avoid acknowledging my holistic practice of health [and] [r]eligion." *Id.* And she alleges that Dr. Guppenberger "created" lies about her condition "without evaluating [her]." *Id.* She further asserts that he "[p]resented to have notes he documented himself" and "used [those] notes to present himself in County Court." *Id.* at 3. In the "Facts" section, Plaintiff also lists "Brenna Fox Nurse

---

[1] The page numbers refer to the CM/ECF pagination.

3

Practitioner," but does not provide any further details. *Id.* at 2. And she does not mention ECMC. *Id.* at 2–3.

Plaintiff alleges three causes of action. Her First and Second Causes of Action are against Dr. Guppenberger. *Id.* at 4. Both similarly allege that Dr. Guppenberger violated Plaintiff's civil rights because he lied on the stand in County Court, causing Plaintiff to lose her right to decide whether she wants to take medication. *See id.* In her Third Cause of Action, Plaintiff alleges that "all causes of action violated [her] civil rights . . . to be medically treated or not . . . ." *Id.* Although Plaintiff does not name a specific Defendant, she refers to "all causes of action" as violating her civil rights. *Id.* Because Plaintiff's other causes of action are against Dr. Guppenberger, it appears that this cause of action is also against him.

Lastly, Plaintiff requests that this Court grant her "financial recovery."[2]

## III.   ANALYSIS

### a. Civil Rights Claim

To state a claim under 42 U.S.C. § 1983, a plaintiff "must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cnty. of Fulton*, 126 F.3d 400,

---

[2] It is unclear whether Plaintiff seeks other forms of relief, as Plaintiff's handwriting is illegible.

4

405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875–76 (2d Cir. 1994)). Section 1983 "creates no substantive rights[,] [but] provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under Section 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, *respondeat superior* liability is not available in a Section 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). There exists "no special rule for supervisory liability." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). Rather, "a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions[] . . . violated the Constitution." *Id.* (internal quotations marks and citation omitted).

### i. Official Capacity

A lawsuit "against a municipal officer in his or her official capacity is functionally equivalent to a suit against the entity of which the officer is an agent." *Baines v. Masiello*, 288 F. Supp. 2d 376, 384 (W.D.N.Y. 2003) (citing, among others, *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). A local government may not be held liable under Section 1983, unless the challenged action was performed pursuant to a municipal policy or custom. *See Monell v. N. Y. City Dept. of Soc.*

*Servs.*, 436 U.S. 658, 694 (1978).

Here, it appears that Dr. Guppenberger is an ECMC employee because the Complaint lists his address the same as ECMC's.[3] *See* Dkt. 1, at 1–2. Plaintiff does not specify whether she is suing Dr. Guppenberger in his official or individual capacity. But because the Court must construe the Complaint "liberally" and to raise the strongest arguments it suggests, the Court interprets the claims against Dr. Guppenberger in his individual capacity. *See Siao-Pao*, 564 F. Supp. 2d at 238 (S.D.N.Y. 2008). And those claims survive screening. But to the extent Plaintiff is suing Dr. Guppenberger in his official capacity, her claims against him are dismissed, with leave to amend, because she does not allege whether he was acting under a municipal policy or custom.

Additionally, any claims as to Brenna Fox, in her official capacity, are dismissed for similar reasons. And Plaintiff fails to allege whether ECMC has such a policy or custom that is unconstitutional, so any claims against ECMC are dismissed as well.

### b. Failure to State a Claim

Any additional claims against ECMC and Brenna Fox are further dismissed because the Complaint does not meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires that pleadings contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short

---

[3] Brenna Fox also has the same address and, thus, appears to be an ECMC employee. *See* Dkt. 1, at 1–2.

6

and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). The principal function of pleadings is to give the adverse party "fair notice of the claim asserted so as to enable [it] to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Indeed, while a court must construe a complaint liberally and accept all factual allegations as true, legal conclusions do not receive this presumption of truthfulness. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive dismissal, a plaintiff must state the grounds upon which his claims rest through factual allegations sufficient "to raise a right to relief above the speculative level." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rule 8 does not require detailed factual allegations, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Here, Plaintiff does not allege any facts to support her claims that ECMC and Brenna Fox violated her civil rights. In fact, these Defendants are not individually mentioned anywhere outside the caption, other than in the "Facts" section, where Plaintiff only writes "Brenna Fox Nurse Practioner." Dkt. 1, at 2. Thus, Plaintiff fails to give these Defendants "fair notice" of the claims against them and the "grounds upon which [those claims] rest[ ]." *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atl. Corp.*, 550 U.S. at 555); *see also Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (a court may dismiss a complaint for failure to comply

with Rule 8(a) where it "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised").

Plaintiff's claims against Brenna Fox and ECMC, therefore, are dismissed. But because the Court cannot "rule out any possibility" that Plaintiff can state a viable claim, the Court will afford Plaintiff an opportunity to amend her claims as discussed below. *Jordan*, 2021 WL 3292200, at *1 (citation omitted).

## IV.  LEAVE TO AMEND

The Court grants Plaintiff leave to amend her claims to conform with the pleading requirements under Federal Rule of Civil Procedure 8. *See Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("[S]parse pleadings by a *pro se* litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action[.]"); Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

Plaintiff is advised that an amended complaint is intended to **completely replace** the prior complaint in the action. *Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.") (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)). In other words, Plaintiff's amended complaint must include all the allegations she asserted in her Complaint, so that the amended complaint may stand alone as the sole complaint in this action that Defendants must answer. Thus, if Plaintiff wishes to proceed, her amended complaint must

8

contain all the allegations against each appropriate Defendant in a manner that complies with Rule 8, as directed above.

## CONCLUSION

Because Plaintiff satisfied the statutory requirements of 28 U.S.C. § 1915(a), the Court grants her permission to proceed *in forma pauperis*. Further, Plaintiff's First, Second, and Third Causes of Action, as to Defendant Dr. Guppenberger, in his individual capacity, may proceed to service. But Plaintiff's claims against ECMC and Brenna Fox, and any claims against Dr. Guppenberger, in his official capacity, are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) to the extent discussed above, unless Plaintiff files an amended complaint **by April 11, 2025,** in which she includes the necessary allegations regarding his claims and in a manner that complies with Rule 8 of the Federal Rules of Civil Procedure.

An amended complaint completely replaces the prior complaint in the action. *See Arce*, 139 F.3d at 332 n.4 ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.") (citation omitted). Thus, any amended complaint must include all allegations against each Defendant, so it may stand alone as the sole complaint in this action.

## ORDER

IT HEREBY IS ORDERED, that Plaintiff's motion to proceed *in forma pauperis* (Dkt. 2) is GRANTED; and it is further

9

ORDERED that Plaintiff is granted leave to file an amended complaint as directed above **by April 11, 2025**; and it is further

ORDERED that the Clerk of the Court is directed to send Plaintiff: (1) a copy of this order; (2) a copy of the original complaint; (3) a blank section 1983 complaint form; and (4) the instructions for preparing an amended complaint; and it is further

ORDERED, that in the event Plaintiff fails to file an amended complaint as directed **by April 11, 2025,** her claims against ECMC and Brenna Fox shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as well as any claims she may have against Dr. Guppenberger in his official capacity, without further order of the Court; and it is further

ORDERED that, if Plaintiff does not file an amended complaint by **April 11, 2025**, the Clerk of Court shall cause the United States Marshals Service to serve copies of the summons, Complaint, and this order upon Defendant Dr. Guppenberger, without Plaintiff's payment thereof, unpaid service fees to be recoverable if this action terminates by monetary award in Plaintiff's favor.

SO ORDERED.

Dated:     February 25, 2025
           Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE